**STATE, ex rel. PERA, Relators-Appellees, v. MADSEN,**
**As Mayor of the Village of Geneva-on-the-Lake, Ohio,**
**Respondent-Appellant.**

Ohio Appeals, Seventh District, Ashtabula County.

No. 498.   Decided March 13, 1953.

Howard M. Nazor, Ashtabula, for relators-appellees.
Lyle F. Merritt, Geneva, for respondent-appellant.

**OPINION**

Per CURIAM.

Respondent, the Mayor of the Village of Geneva-on-the Lake, Ohio, called respondent in this opinion, appealed to this court on questions of law from a judgment of the court of common pleas entered in relators' action in mandamus filed therein ordering respondent to approve relators' oral and written applications to construct, by forcing them under ground, two inch water lines under Golf Avenue and Golf Drive, situated in that village, and connecting them with the water system thereof for the purpose of serving properties owned by them with water.

Subsequent to the issuance of such order relators withdrew their applications to which reference has been made, because they were securing water from sources wholly unconnected with the proceedings we review, and the necessity for constructing the pipe line which forms the subject matter of this controversy exists no longer.

Upon withdrawal by relators of their application the issues involved therein have become moot since the trial judge issued such order in mandamus on March 30, 1951.

Relators' proceeding and respondent's appeal are dismissed at relators' costs. See 2. O. Jur., Section 497, Page 889, where it is said:—

"The rule is well settled in Ohio that where, pending an appeal on questions of law, by a change of circumstances or otherwise, the questions which would be presented to the reviewing court have become purely academic or abstract, and any judgment which it might render thereon would in no way avail, or be beneficial to, any party, the proceeding will ordinarily be dismissed, because it is not the duty nor responsibility of the court to answer moot questions. So the proceeding will be dismissed if the order of judgment which the appellant seeks to reverse, not having been stayed, has been carried out or if the thing which he seeks to prevent or avoid has been accomplished, and the situation is such that reversal would be wholly ineffectual to re-establish the status quo or to afford

any relief or advantage to the appellant; or if the situation has so changed that the relief sought by the appellant has become unnecessary."

See also **Hagerman v. Dayton, 147 Oh St 313** at **326:—**

" 'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.' "

GRIFFITH, PJ, PHILLIPS & NICHOLS, JJ, concur.